UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENT LaCOUR (#330097)                                         CIVIL ACTION

VERSUS

JAMES LeBLANC, WARDEN                                          NO. 04-0590-A-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ____11th____ day of June, 2007.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 JUN 11  P 2: 34

BY DEPUTY CLERK

BRENT LaCOUR (#330097)                CIVIL ACTION

VERSUS

JAMES LeBLANC, WARDEN                 NO. 04-0590-A-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Brent LaCour, challenges his 2000 conviction and fifteen-year sentence, entered after a bench trial on one count of possession of a firearm by a felon, a violation of La. R.S. 14:95.1. He complains (1) that his Due Precess and Sixth Amendment rights were violated when the trial court failed to advise him of his right to a jury trial and failed to ascertain that his waiver thereof was knowing and intelligent, and (2) his Due Precess and Sixth Amendment rights were violated when the trial court granted a motion to waive jury trial which was signed only by his counsel and was not presented in open court.

Upon a review of the record, it appears that the petitioner was charged with one count of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. On the date of arraignment, he appeared before the trial court, without counsel, at which time he waived the presence of counsel, and the matter proceeded to arraignment. Although various preliminary and procedural matters were apparently addressed at that time, the record reflects that the petitioner was not explicitly advised by the trial judge that he had the right to a jury trial in connection with the charges levied against him. Thereafter, on October 5, 1999, petitioner's counsel filed a motion to waive jury trial, which motion was neither signed by the petitioner nor presented in open court. This motion was granted, in chambers, on October 14, 1999. Finally, on the morning of trial, the petitioner and counsel appeared before the court to discuss several matters, among which were

the issue of a potential jury trial in connection with the pending charges. The court memorialized for the record several conversations which he had had with counsel in the days preceding trial, and he informed petitioner's counsel, with petitioner present, that the court would entertain a motion for jury trial should counsel wish to file one. Upon no motion thereafter being filed, the case proceeded to trial without a jury, and the petitioner was found guilty by the trial judge.

The petitioner appealed his conviction, arguing that his admitted possession of the referenced firearm was justified in self-defense. Pursuant to decision dated May 11, 2001, the Louisiana Court of Appeals affirmed the conviction, State v. LaCour, No. 2000-KA-2072 (La. App. 1st Cir. 5/11/01), and on March 22, 2002, the Louisiana Supreme Court declined to exercise supervisory review. State ex rel. LaCour v. State, No. 2001-1841 (La. 3/22/02).

On July 18, 2002, the petitioner filed an application for post-conviction relief in the state trial court, arguing, inter alia, that his conviction should be overturned because he had not been advised at arraignment of his right to trial by jury, in accordance with state law, because the motion to waive jury trial was signed only by counsel and not by him, and because the trial court had not ascertained that the petitioner had made a free and voluntary decision to waive the jury. On January 13, 2003, the Louisiana Court of Appeals for the First Circuit remanded for an evidentiary hearing on the issue whether the petitioner had knowingly and intelligently waived his right to a jury trial. On March 11, 2003, an evidentiary hearing was conducted in the trial court, at which hearing both the petitioner and his trial counsel testified. After the hearing, the trial court concluded that the petitioner had in fact been made aware of his right to a trial by jury and that he had freely and voluntarily waived same. On August 11, 2003, in a divided opinion, this determination was upheld by the Louisiana Court of Appeals for the First Circuit, and on June 18, 2004, the Louisiana Supreme Court declined to grant supervisory review. See State ex rel LaCour v. State, 876 So.2d 803 (La. 2004).

On August 19, 2004, the petitioner filed the instant application for federal habeas corpus

relief in this Court. The State concedes that the petitioner has exhausted state court remedies relative to his claims as mandated by 28 U.S.C. § 2254(b) and (c).

## DISCUSSION

Turning to a substantive review of the petitioner's claims, the standard for review in this Court is that set forth in 28 U.S.C. § 2254. Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. See 28 U.S.C. § 2254(d)(1)-(2); Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. Montoya, supra, 226 F.3d at 404. See also Williams v. Taylor, supra, 529 U.S. at 409, 120 S.Ct. at 1521 (2000)("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Initially addressing the petitioner's claims that the trial court erred in failing to advise him at arraignment of his right to a trial by jury, as provided by state statute, and erred in granting his attorney's motion to waive the jury trial, where the motion was not signed by the petitioner or presented in open court, the Court concludes that these issues are not subject to habeas review by this Court. To the contrary, these issues are, rather, issues of state procedural law and of the state's interpretation of same. A federal habeas court grants relief only when the petitioner is held "in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A federal habeas court, therefore, asks only whether a federal constitutional violation has infected the trial. Pemberton v. Collins, 991 F.2d 1218 (5th Cir. 1993). See also Herrara v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). An error in the application of state law by the trial court does not provide grounds for habeas relief. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Nor will federal courts review a state court's interpretation of its own laws in a federal habeas corpus proceeding. Cook v. Morrill, 783 F.2d 593 (5th Cir. 1986).

In the instant case, notwithstanding a state procedural rule providing that a criminal defendant shall be advised at arraignment of his right to a trial by jury, see La.CodeCrim.P. article 780, the state court relied upon Louisiana interpretive jurisprudence and concluded that this statutory error was not fatal to the jury-waiver issue and did not mandate reversal of the petitioner's conviction where the trial court found that the petitioner's waiver of his right to a jury trial was in fact otherwise freely and voluntarily given. See, e.g., State v. Sharp, 338 So.2d 654 (La. 1976) (reversal not warranted upon failure of trial court to advise defendant of right to jury trial at arraignment where defendant suffered no prejudice because he otherwise consented to waiver); State v. Brooks, 814 So.2d 72 (La. App. 1st Cir.), writ denied, 829 So.2d 1037 (La. 2002) ("the Louisiana Supreme Court has rejected an absolute rule requiring the trial judge to personally inform

defendant of his right to a jury trial"). Further, the trial court similarly relied upon state jurisprudence in concluding that the granting of the petitioner's motion to waive jury, signed by petitioner's counsel but not by petitioner, was not grounds for reversal where the court found that the petitioner had in fact been advised by counsel of his right to jury and had effectively consented to the waiver. See State v. Pierre, 842 So.2d 321 (La. 2003) ("[I]t is preferred but not necessary, for the defendant to waive her right to jury trial personally.... Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently."). See also State v. Cappel, 525 so.2d 335 (La. App. 1st Cir.), writ denied, 531 So.2d 468 (La. 1988) (notwithstanding failure of trial judge to advise petitioner at arraignment of right to trial by jury and notwithstanding that waiver was made by attorney and not petitioner, court could conclude after post-trial evidentiary hearing that waiver had been freely and voluntarily given by petitioner). Accordingly, this Court find no grounds for federal habeas corpus relief in connection with these claims of procedural deficiencies in the state trial proceedings.

Turning to the petitioner's claim that his Sixth Amendment right to trial by jury was violated because he was not made aware of this right and because the trial court failed to explicitly ascertain that his waiver of this right was freely and voluntarily given, the Court finds that this claim likewise is without merit. In this regard, the United States Supreme Court has recognized that the right to a trial by jury is a protection granted to a person accused of a crime by the Sixth amendment to the United States Constitution which that person has the power to waive. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). The waiver of this right must be knowingly and voluntarily made with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The waiver of a constitutional right cannot be presumed from a silent record but instead must be shown affirmatively in the record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274

(1969); Johnson, supra.  The issue whether a waiver of a right to a jury trial was knowing and voluntary is a mixed question of law and fact.  Matusiak v. Kelly, 786 F.2d 536 (2d Cir. 1986), cert. denied, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986).   This Court must determine, therefore, whether the state trial court's denial of relief was contrary to Brady and Boykin..

The record is not silent as to the petitioner's waiver.  Although the motion to waive the jury was filed by the petitioner's counsel, and does not reflect the petitioner's explicit consent to same, a colloquy was held on the morning of trial, at which both the petitioner and his attorney were present and at which the issue of the petitioner's right to a jury trial was addressed.  At that time, with petitioner present, the trial judge specifically noted that the jury trial had been waived, read into the record the written motion to waive, and advised the parties that, notwithstanding that the motion had previously been granted, he would entertain a motion to reinstate the jury if one were asserted.  Neither the petitioner nor his attorney raised any questions at that time, nor did counsel move to reinstate the jury.  Moreover, on application for post-conviction relief, an evidentiary hearing was conducted in the state trial court, at which both petitioner and his counsel testified.  Counsel for the petitioner testified that his determination to waive the jury trial in this case was an unusual occurrence in his practice and that he had certainly discussed the decision with petitioner and obtained his consent prior to filing the motion to waive.  Moreover, according to petitioner's counsel, the petitioner appeared to fully understand the issue and the recommendation of counsel, and voiced no objection to the recommendation. He further testified that the decision was made in this case because, in his view, the petitioner's best defense at trial was the technical argument that petitioner's possession of the firearm, as a felon, under the facts of this case, was a justified exercise of his right to self-defense.  Based upon this testimony, which the trial court determined to be credible, together with the somewhat equivocal testimony of the petitioner (that he did not recall his counsel discussing this issue with him), the trial court concluded that the petitioner had in fact been aware of his right to a jury trial and had voluntarily waived same.  This is not an

unreasonable determination of the issue by the state trial court. See Horne v. United States, 264 F.2d 40 (5th Cir.), cert. denied, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959) (finding an inference of a voluntary waiver, notwithstanding that the waiver was made through counsel: "The requirement of 'consent of the defendant' ... is not to be measured solely by the absence of a written assent signed by defendant or a categorical oral response. Here the matter was intelligently and deliberately discussed in open court. The Court had every right to conclude that the action openly taken ... by petitioner's counsel, with no protest from petitioner was, as in the usual case, ... the act of petitioner"). See also Jackson v. Hopper, 547 F.2d 260 (5th Cir.), cert. denied, 434 U.S. 842, 98 S.Ct. 140, 54 L.Ed.2d 106 (1977) (notwithstanding petitioner's claim that he did not consent to waiver, the trial court relied on evidence adduced at an evidentiary hearing to find that petitioner "knew that he had the right to a jury trial ... personally decided that it would be best to take the advise of his attorney and be tried to the court ... and was aware that he was being tried without a jury and at no time questioned the absence of a jury.").

For these reasons, this Court concludes that the petitioner has failed to establish that the trial court's ruling was contrary to, or an unreasonable application, of controlling law, or that it resulted from an unreasonable interpretation of the facts as presented to the court. Accordingly, the petitioner is not entitled to habeas corpus relief in connection with his claims.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be denied.

Baton Rouge, Louisiana, this 11th day of June, 2007.

_____
**DOCIA L. DALBY**
**MAGISTRATE JUDGE**